LEADING MANUFACTURER PTE.
LTD., Tung Mung Textile Co(S) PTE.
Ltd., Lekim Textile Industries PTE.
Ltd., and Maxlin Garments SDN.
BHD., Appellants,

v.

BRADLEES STORES, INC., Bradlees,
Inc., and New Horizons of Yonkers,
Inc. Appellees.

No. 03–5007.

United States Court of Appeals,
Second Circuit.

Oct. 17, 2003.

Robert E. Michael, Robert E. Michael &
Associates PLLC, New York, New York,
for Appellants.

Adam C. Rogoff, John H. Bae, Nathan
A. Haynes, Cadwalader, Wickersham &
Taft LLP, New York, New York, for Appellees.

Present: MESKILL, KATZMANN, and
RAGGI, Circuit Judges.

**SUMMARY ORDER**

This cause came to be heard on the
record from the United States District
Court for the Southern District of New
York, and was submitted by counsel for
appellants and appellee.

ON CONSIDERATION WHEREOF,
IT IS HEREBY ORDERED, AD-
JUDGED, AND DECREED that the
judgment of the District Court be and it
hereby is AFFIRMED substantially for
the reasons stated in Judge Pauley's Mem-
orandum and Order, dated January 9,
2003.

We have considered all of appellant's
contentions on this appeal and have found
them to be without merit. The judgment
of the District Court is affirmed.

Kia H. PORTER, Plaintiff–Appellant,

v.

NEW YORK STATE DEPARTMENT
OF MOTOR VEHICLES,
Defendants–Appellees.

Docket No. 03–7191.

United States Court of Appeals,
Second Circuit.

Oct. 17, 2003.

Kia H. Porter, Jamaica, NY, for Appellant, pro se.

Daniel J. Chepaitis, Assistant Solicitor General of the State of New York, of counsel, (Eliot Spitzer, Attorney General of the State of New York, Marion R. Buchbinder, Assistant Solicitor General of New York), New York, NY, for Appellee.

PRESENT: LEVAL, SACK, Circuit Judges, and KORMAN,* District Judge.

## SUMMARY ORDER

Kia H. Porter, *pro se*, appeals from the February 7, 2003 order of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*) granting the summary judgment motion of Defendant–Appellee, New York State Department of Motor Vehicles ("DMV"). Porter's employment discrimination complaint, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, alleges that the DMV discriminated against her on the basis of gender by: (1) failing to promote her; (2) providing unequal terms and conditions of employment; and (3) retaliating against her for filing a claim with the New York State Division of Human Rights ("DHR").

In 1998, while working at the DMV, Porter requested a promotion to the position of Motor Vehicle License Examiner ("MVLE"). Two such positions became available but Porter was not promoted. Hiring was governed by the New York Civil Service Law, and promotion was based on performance on the civil service exam, merit, fitness, and factors such as seniority, previous training, experience, and performance ratings. Porter's supervisor hired Remy Joseph, who was more senior (by nine years) and whom he believed to be more knowledgeable than Porter, and Jose Dominguez, who was more senior than Porter and had a superior, exemplary work record. Porter's work record was marred by at least one asserted instance of insubordination and unrelia-

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

bility. Upon learning that Joseph and Dominguez were hired, Porter filed an internal DMV complaint against her supervisor, asserting that he had discriminated against her because he always hired men. She also filed a gender discrimination complaint with the DHR.

In 1999, another MVLE position opened, and Porter was interviewed for the position. The supervisor, however, hired Ruby Powers, who was more senior (by ten years), more senior, more accomplished, and viewed as more skilled in effectively communicating with coworkers. Following this appointment, Porter filed a retaliation complaint with the DHR, claiming that the filing of her previous discrimination complaint was a factor in her non-selection for the MVLE position. The DHR dismissed both of Porter's complaints. Shortly thereafter, two additional MVLE jobs became available. Porter was again interviewed, but the supervisor appointed Minerva Garcia and Tina Winn. Garcia scored lower than Porter on the civil service exam but was more senior (by nine years), spoke fluent Spanish, and was highly recommended by her supervisor. Winn also scored lower than Porter on the civil service exam but was more senior (by five years), very knowledgeable, and considered a superior performer. Thereafter, Porter resigned from the DMV.

The district court applied the three-step burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which first requires a plaintiff to make a *prima facie* showing of discrimination by alleging: (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she applied for and was denied promotion to a position for which she was qualified; and (4) the position remained open and the employer continued to seek applicants. *See Cruz v.*

*Coach Stores, Inc.,* 202 F.3d 560, 565 (2d Cir.2000). Once the plaintiff demonstrates a *prima facie* case, the employer must "articulate a legitimate, clear, specific, and non-discriminatory reason" for its adverse employment decision. *Quarantino v. Tiffany & Co.,* 71 F.3d 58, 64 (2d Cir.1995). If the employer satisfies that burden of production, the plaintiff must then prove that the employer's reason was merely a pretext for discrimination by showing that the reason was false and discrimination was the real reason. *Id.*

The DMV conceded that Porter established a *prima facie* case of gender discrimination, but the district court held that the DMV had, nevertheless, articulated a legitimate reason for its decision to hire Joseph, rather than Porter, for the first MVLE position, because he had more senior and a better performance record. The district court found that Porter failed to show that the DMV's explanation was false and that discrimination was the real reason for not promoting her, as she had offered only conclusory allegations of discrimination. The district court dismissed Porter's retaliation claim, because she did not show a causal connection between the protected activity of filing discrimination complaints and the adverse employment decision. *See Malarkey v. Texaco, Inc.,* 983 F.2d 1204, 1213 (2d Cir.1993). The district court then found that, even if Porter had established a *prima facie* case of retaliation, the claim would still have been dismissed because the DMV had articulated a legitimate, non-discriminatory reason for its decision—*i.e.,* that it had a reasonable basis to appoint Powers, Garcia, and Winn, and Porter had not shown the DMV's reasons were pretextual. The district court concluded that, for the same reasons set out in its analysis of the preceding claims, Porter had not demonstrated the existence of any evidence that would lead a jury to find that the DMV

had unequal terms and conditions of employment based on gender.

On appeal, Porter asserted that she was not notified of the first two MVLE positions until Joseph and Dominguez were hired; the hiring of Dominguez did not comply with Civil Service rules because he was not a state employee; the DMV retaliated against her after she filed her discrimination complaint by hiring women with lower test scores and less experience; and her supervisor had a pattern of hiring men instead of women.

This Court reviews *de novo* a district court's grant of summary judgment, focusing on whether the district court properly concluded that no genuine issues of material fact existed and that the movant was entitled to judgment as a matter of law. *See Allstate Ins. Co. v. Mazzola,* 175 F.3d 255, 258 (2d Cir.1999). Even viewing the allegations in the light most favorable to Porter, for the reasons set forth in the district court's memorandum and order, that court correctly held that Porter failed to establish employment discrimination under Title VII regarding DMV's failure to promote her instead of Joseph, the retaliation claim, or unequal terms and conditions of employment.

The district court did not address, however, whether the DMV's proffered reason for appointing Dominguez as an MVLE was legitimate and non-discriminatory when examining Porter's failure to promote claim. This oversight does not warrant reversal of the district court's judgment, because much of the analysis the court applied to the promotion of Joseph also applied to Dominguez, who was appointed to the MVLE position by means of a Civil Service Law-authorized intra-office transfer. The undisputed evidence showed that Dominguez had worked as a part-time MVLE since 1994, was an exemplary employee, was knowledgeable and cooperative with his supervisors and co-workers, and had an excellent work record, in contrast to Porter's record. Because Porter did not provide any evidence showing that DMV's reasons for promoting either Joseph or Dominguez was a pretext for discrimination, the DMV was entitled to summary judgment on the failure to promote claim.

Accordingly, the judgment of the District Court is hereby AFFIRMED.